JASNE & FLORIO, L.L.P.
Hugh G. Jasne, Esq. (HGJ-5041)
*Attorneys for Plaintiff*
30 Glenn Street - Suite103
White Plains, New York 10603
(914) 997-1212
hgj@jasneflorio.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
### White Plains Division

-------------------------------------------------------------------------------------------------

| | |
|---|---|
| CARLOS BRINGAS, <br><br> Plaintiff, <br><br> -against- <br><br> TOWN OF LEWISBORO POLICE DEPARTMENT, <br> POLICE OFFICER DREW CONETTA, <br> VISTA BEER AND BEVERAGE INC., <br> BILL (WILLIAM DOE, LAST NAME BEING <br> FICTITIOUS AND UNKNOWN) <br> NEW YORK MUNICIPAL INSURANCE RECIPROCAL <br> as SUBROGEE OF THE TOWN OF LEWISBORO, <br> SUBROGER, PATRICIA PYTTE, <br><br> Defendants. | 25_-CV-_4733 <br><br> JURY TRIAL <br> DEMANDED |

-------------------------------------------------------------------------------------------------

### COMPLAINT IN A TORT ACTION

Plaintiff complaining of the Defendants by counsel Jasne & Florio, L.L.P., hereby sets forth

and alleges as follows:

1.      Plaintiff Carlos Bringas ("Bringas") is at all times relevant hereto a resident of the County

of Westchester and State of New York.

2.      All statements made herein are believed true and accurate including such made upon

information and belief and are based upon conversations with various parties and review of

the documents in the file maintained in this matter.

3.      This action arises is a claim for violation of Federal and NYS Constitutional rights comprising civil rights violations and Monell claims, arising from a pattern of abuse and neglect within the County of Westchester and State of New York of which each and every Defendant hereto had actual knowledge.

4.      The complained of events occurred June 6, 2022 in South Salem New York within Westchester County and State of New York.

## PARTIES, JURISDICTION & VENUE

5.      At all times relevant hereto, Plaintiff, was a resident of the County of Westchester, State of New York.

6.      All acts complained of herein occurred within Westchester County and State of New York.

7.      This Court has jurisdiction pursuant to 28 USC § 1331 and 28 USC § 1343 over claims arising from 42 USC §1983 including *Monell*; and the Eighth and Fourteenth Amendments of the U.S. Constitution and the supplemental jurisdiction of the Court under 28 USC § 1367 to hear and decide claims arising under NYS law including negligence; gross negligence; failure to train, negligent supervision, training, discipline and/or retention of officers and staff of the Town of Lewisboro.

8.      Venue is proper in the Southern District of New York under 28 USC § 1391 (b) in which a substantial part of the events giving rise to this action occurred within the district.

9.      At all times relevant hereto Defendant Town of Lewisboro Police Department  (sometimes "LPD"  or "Police") was and remains a municipal corporation organized under the laws of the State of New York maintaining a principal place of business at 81 Spring Street, South Salem, New York 10590.

10. At all times hereinafter mentioned LPD operated, maintained and controlled the Town of Lewisboro Police Department (sometimes "Jail") within Westchester County New York.

11. At all times hereinafter mentioned LPD operated, maintained and controlled the Town of Lewisboro Police Department including the Jail as an administrative arm for detaining inmates under the control and authority of LPD.

12. At all times hereinafter mentioned Defendant Officer Conetta ("Conetta") was employed by LPD.

13. At all times hereinafter mentioned Defendant Officer Conetta was an employee of Defendant Town of Lewisboro Police Department.

14. Upon information and belief Patricia Pyte is the owner of Vista Beer and Beverage.

## FACTUAL OVERVIEW

15. At all times relevant hereto Plaintiff Carlos Bringas was an employee of Vista Wines and Spirits ("Vista") in the Town of South Salem which is part of Lewisboro within the State of New York and County of Westchester.

16. On June 6, 2022, Plaintiff Carlos Bringas was at his place of business - Vista - when police arrived alleging a baseless claim against Plaintiff.

17. Defendant officer Conetta was one of several responding officers.

18. At all times relevant hereto other LPD officers were present at the complained of events.

19. Plaintiff and Conetta were well known to each other based upon previous encounters including unwanted sexual advances by Conetta towards Bringas' fiancé, who was also present.

20. When Defendant Officer Conetta arrived, in lieu of handling the situation in a calm manner,

or, attempting to de-escalate the situation, Defendant Officer Conetta was abusive and aggressive toward Plaintiff.

21.    Conetta immediately decided Plaintiff was guilty of the claimed offense, was verbally abusive, "roughed him up" and threw Plaintiff while he remained handcuffed into the Tahoe police vehicle.

**The Tahoe Incident**

22.    Officer Conetta proceeded to place Bringas in the LPD Police Tahoe while other officers were present and simply observed the abuse.

23.    At all times relevant hereto Bringas was secured and handcuffed in the Tahoe, with no way out.

24.    The Tahoe was left with the engine and therefore air conditioning off.

25.    The Tahoe was left with the windows sealed and closed.

26.    The outdoor temperature at the time was approximately $81°$ F.

27.    No air conditioning was running in the Tahoe.

28.    The windows were closed and sealed.

29.    Upon information and belief, the Tahoe interior temperature reached well over $100°$ F.

30.    Plaintiff Bringas was locked in the Tahoe under the above conditions for approximately __ _____ (period of time.)

31.    Defendant Conetta clearly knew, or reasonably should have known that locking Bringas in the overheated interior of the police Tahoe was injurious to Bringas, yet continued unabated.

32.    Other officers in attendance clearly knew, or reasonably should have known that locking Bringas in the overheated interior of the police Tahoe was injurious to Bringas, yet allowed

the conduct to continue unabated.

33.   Due to the aforesaid conditions, Plaintiff Bringas was having trouble breathing due to the lack of air-flow, lack of air conditioning and the rising interior temperature.

34.   As a result, fearing he was about to suffocate, Plaintiff Bringas attempted to exit the Tahoe and /or kick a window open, which proved impossible.

35.   Plaintiff's efforts regarding the Tahoe were primarily directed toward the glass which he could not break.

36.   The claim of damage to the police Tahoe is exaggerated and confected.

**The Police Station Assault**

37.   Subsequently, Plaintiff Bringas was taken to the LPD police station where he was processed and booked.

38.   After being brought to the Jail and while remaining cuffed, Conetta could not reasonably have believed, Plaintiff Bringas was then capable of causing him serious physical injury.

39.   While Plaintiff was cuffed in the Jail, without any justification, Defendant Officer Conetta repeatedly punched, struck and kicked Bringas.

40.   Plaintiff Bringas was also assaulted while in LPD custody by other LPD officers.

41.   While cuffed, members of LPD forcibly assaulted Plaintiff Bringas in an unprovoked manner causing Plaintiff severe pain and injury without any legitimate justification.

42.   There was no legitimate police purpose to justify the abuse inflicted upon Bringas by Conetta and other officers.

43.   As a direct and proximate result, Officer Conetta caused Plaintiff significant pain and discomfort, causing injury to Plaintiff and significant emotional distress.

44. Injuries include severe shoulder and back pain, neck pain, scars on wrists, arms and legs groin pain, rib pain all of which continue to this date.

45. As a direct and proximate result, additional LPD officers caused Plaintiff significant pain and discomfort, causing injury to Plaintiff significant emotional distress.

46. Despite Defendants' unprovoked and unjustified actions, Plaintiff was not engaging in any physically threatening behavior.

47. Defendants' unnecessary, unprovoked and forceful assault of Plaintiff was not justified by any legitimate police purpose, but rather demonstrated an unreasonable, unprofessional and unnecessary over-reaction and constituted objectively unreasonable excessive force.

48. As a result, Plaintiff Bringas suffered significant pain, injury and discomfort and emotional distress.

49. During this time, Plaintiff Bringas posed no danger or serious threat of harm to anybody, and no legitimate reason justified assaulting Plaintiff.

50. Despite Plaintiff Bringas' physical injuries, during the time he was detained at the LPD police department, Defendants did not provide Plaintiff with access to a doctor or other medical provider.

51. The injuries included kicking to the groin, punches, arm twists, wrist twists, slammed Plaintiff into the car grate and others.

**The Lewisboro Lawsuit**

52. In addition to the above, Defendant Town of Lewisboro instituted suit against Plaintiff Bringas for the claimed damage to the police Tahoe while locked inside the excessive heat condition.

53. Specifically, Defendant Town of Lewisboro as Subroger to New York Municipal Insurance Reciprocal Subrogee filed litigation against Plaintiff which remains pending in Westchester Supreme Court under docket number 64815/2023.

54. The Lewisboro litigation alleges $7,107.53 in damage to the aforesaid Tahoe police vehicle.

55. Bringas was not trying to escape police custody.

56. Plaintiff was only trying to get air into the Tahoe because he could not breathe.

57. As a direct and proximate result of the complained of acts, Plaintiff sustained conscious pain and suffering, physical injury, great mental distress, mental anguish, shock, fright and humiliation; was rendered sick, sore and disabled; suffered and still suffers and will continue to suffer bodily pain and mental anguish for some time to come; has been and will be required to seek and obtain medical care and treatment; and sustained other damages and injuries.

58. The injuries as suffered and complained of herein by Plaintiff were directly caused by the physical assault of Plaintiff and failures of the Defendants as set forth herein including the failure to render proper care and assistance.

59. The injuries to Plaintiff occurred after locking Plaintiff in a police vehicle with no air conditioning with the windows up in 81°Fahrenheit degree outdoor temperatures.

60. At the time Plaintiff was held in the Tahoe police vehicle temperatures therein reached upon information and belief 100° Fahrenheit.

61. Plaintiff was held in the locked Tahoe police vehicle with all windows sealed and closed, without air conditioning.

62. The aforesaid acts and omissions complained of herein constitute *inter alia* willful and

wanton reckless conduct on the part of the Defendants, failure to treat, train and supervise staff, infliction of cruel and inhuman treatment and punishment, civil rights violations and intentional indifference to Plaintiff's suffering, jointly and severally amongst Defendants Town of Lewisboro Police Department and Police Officer Drew Conetta.

63.   Further torture and torment was inflicted upon Plaintiff by the Town of Lewisboro as Subroger to New York Municipal Insurance Reciprocal for damage to the police vehicle when Plaintiff tried to get assistance from Defendant Officer Drew Conetta, at times resorting to kicking the vehicle as he was handcuffed within the aforesaid police vehicle.

64.   The litigation instituted by Defendant Town of Lewisboro as Subroger to New York Municipal Insurance Reciprocal Subrogee against Plaintiff under docket number 64815/2023 alleging $7,107.53 in damage to the aforesaid Tahoe police vehicle is baseless.

65.   Upon information and belief, the claimed damages to the police Tahoe vehicle are confected and exaggerated.

66.   Defendant Conetta not only ignored Plaintiff's suffering, but indeed further tormented him which Plaintiff was in the locked baking vehicle.

67.   Upon information and belief, the aforesaid acts were committed by Defendant Officer Drew Conetta at the behest of Defendant Vista Beer and Beverage Inc., including its agent and servant Defendant Bill (William) Doe.

68.   Upon information and belief, Defendant Conetta and Defendant Bill (William) Doe have and had maintained a close personal relationship.

69.   Defendant Vista Beer and Beverage is a business competitor of Vista, the employer of Plaintiff Bringas.

70.    Upon information and belief, the acts of Defendant Conetta were additionally spurred on due to the rebuffing by Plaintiff's fiancee of Concetta's sexual overtures toward her.

71.    At all times relevant hereto, Conetta was required to respect Plaintiff's Federal and State constitutional rights as part of non-relegable duties and obligations.

72.    At all times relevant hereto, LPD was required to respect Plaintiff's Federal and State constitutional rights as part of non-relegable duties and obligations.

73.    At all times relevant hereto Plaintiff was held in the Jail as a pre-trial detainee.

74.    Defendant Conetta's act of locking Plaintiff in a police vehicle with no air conditioning with the windows sealed in 81° F exterior heat constitutes a violation of Plaintiff's Federal and State constitutional rights.

75.    Upon information and belief, LPD at all times relevant hereto LPD knew of the illegal conduct committed by Conetta on his past job.

76.    Upon information and belief, LPD at all times relevant hereto LPD knew of the illegal conduct committed by Conetta against Plaintiff herein.

77.    After Plaintiff was taken to the LPD Jail, he was left handcuffed and overheated, and then struck repeatedly while being detained by Conetta.

78.    After Plaintiff was taken to the LPD Jail, he was left handcuffed and overheated, and then struck repeatedly while being detained by other LPD officers.

79.    Defendant Conetta further violated Plaintiff's Federal and State constitutional rights by assaulting him while held at, and handcuffed within, the Lewisboro Police Department building.

80.    Other LPD officers further violated Plaintiff's Federal and State constitutional rights by

assaulting him while held at, and handcuffed within, the Lewisboro Police Department building.

81.   All persons in and about the Jail during the beating were of necessity aware of the beating inflicted upon Plaintiff.

82.   No person within nor about the Jail during the beating took any action to stop Conetta from the attack.

83.   No person within nor about the Jail rendered any aid to Plaintiff at any time on the date of June 6, 2022 or thereafter.

84.   The errors and omissions complained of herein include LPD through its employees as agents and servants including specifically Officer Conetta.

85.   The errors and omissions complained of herein include LPD through its employees failing to properly care for Plaintiff.

86.   At all times relevant hereto Officer Conetta including specifically the employees agents and servants thereof were and are agents of LPD and the related agencies thereof.

87.   The claims herein include failures and violations of Federal and NYS law including violations of civil rights of the Plaintiff by the staff, agents and servants of LPD.

88.   This claim arises from LPD by failing to properly train and supervise Conetta.

89.   This claim arises from LPD by failing to properly train and supervise other officers such that they allowed the "blue wall of silence" to protect Conetta.

90.   The LPD by its staff, agents and servants and the individual defendants have created, implemented and maintained a culture of indifference to injury and abuses and exhibit a clear, consistent and deliberate pattern of indifference.

91. The culture of indifference caused severe injuries to Plaintiff which could have and would have been avoided but for the recklessness and neglect of the defendants collectively.

92. Plaintiff further alleges as to the parties above Civil Rights violations, violations of NYS and federal constitutions, including but not limited to as to cruel and inhuman treatment, failure to render and provide aid and treatment.

93. Defendants acted with a reckless and callous disregard for the welfare of the Plaintiff, in violation of duties and obligations including statutory and decisional mandates.

94. Plaintiff seeks recovery of money damages for personal injuries, pain and suffering, medical expenses, loss of future income and related damages incurred by and on behalf of Plaintiff Carlos Bringas by reason of the acts and omissions, including but not limited to violations of Constitutional rights and failure to train, supervise and monitor the agents and servants of Defendant LPD including it's administrative arms of the Jail and the related failures of LPD.

95. At all times herein LPD had a Constitutionally mandated non-relegable duty to provide necessary medical care and treatment to inmates and detainees in the Jail.

96. At all times relevant hereto, LPD  is and remains directly responsible for the actions and inactions of Conetta.

97. LPD failed to properly train, supervise, review and monitor the agents and servants of LPD and its agents and servants.

98. The relief as requested is for damages and injuries sustained as well as punitive damages.

99. Plaintiff further alleges the defendants are jointly and severally liable.

100. As a direct and proximate result of the complained of acts, Plaintiff sustained conscious pain

and suffering, physical injury, great mental distress, mental anguish, shock, fright and humiliation; was rendered sick, sore and disabled; suffered and still suffers and will continue to suffer bodily pain and mental anguish for some time to come; has been and will be required to seek and obtain medical care and treatment; and sustained other damages and injuries.

101.    Plaintiff further alleges the defendants are jointly and severally liable.

### CAUSES OF ACTION

### AS & FOR PLAINTIFFS COUNT I:

### EXCESSIVE FORCE

### 42 U.S.C. § 1983; U.S. Const., amends. IV and XIV

### (Against Defendants Conetta & LPD)

107.    Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation set forth above as if fully repeated and restated once and again.

108.    42 U.S.C. § 1983 makes it unlawful for any person acting under color of state law to deprive or cause to be deprived any person of, *inter alia,* any federal constitutional right or privilege.

109.    The Fourth Amendment to the U.S. Constitution, as made applicable to the states under the Due Process Clause of the Fourteenth Amendment, prohibits unreasonable seizures and, in particular, prohibits police officers from using excessive force during the course of an arrest.

110.    On June 6, 2022, Defendant Conetta during the scope of his employment as a full-time police officer for the Town of Lewisboro Police Department exercised his authority in that position and seized Plaintiff, placed Plaintiff under arrest and, therefore, was acting under color of state law.

111.    Conetta's conduct as alleged herein constitutes used excessive force and brutality thereby violating Plaintiff's Fourth Amendment rights as made actionable by 42 U.S.C. § 1983.

112.    As a direct and proximate result of the complained of events, Plaintiff was caused to suffer significant pain, injury, discomfort and emotional distress.

113.    Concetta acted in wanton and in reckless disregard for Plaintiff's constitutional rights under both the Federal and New York State Constitutions.

### AS & FOR PLAINTIFFS COUNT II:

### Excessive Force/Failure to Intervene

### 42 U.S.C. § 1983; U.S. Const., amends. IV and XIV

### (Against defendant(s) LPD)

114.    Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation set forth above as if fully repeated and restated once and again.

115.    42 U.S.C. § 1983 makes it unlawful for any person acting under color state law to deprive or cause to be deprived any person of, *inter alia,* any federal constitutional right or privilege.

116.    The Fourth Amendment to the U.S. Constitution, as made applicable to the states under the Due Process Clause of the Fourteenth Amendment, prohibits unreasonable seizures and, in particular, prohibits police officers from using excessive force during the course of an arrest.

117.    The Fourth Amendment also prohibits police officers from failing to intervene to stop or prevent the use of excessive force by another police officer when, with awareness that such excessive force is being used and having a reasonable opportunity to intervene, the police officer fails to take reasonable action to stop or prevent such use of force.

118.    On June 6, 2022 LPD officers present during the complained of events interacted with

plaintiff in the scope of their employment as a police officers and, in doing so, exercised their authority in that position to seize Plaintiff and place him under arrest acting under color of state law.

119.    The complained of conduct herein is violative of Plaintiff's Fourth Amendment rights.

120.    Other officers of LPD, through their presence, each aided each other's excessive and improper acts, and failed to prevent other officers from harming Plaintiff.

121.    As a direct and proximate cause of the  conduct alleged herein, various other LPD police officers had the reasonable opportunity to intervene to prevent the other from using excessive force but unreasonably failed to do so.

122.    In so acting, Defendants acted in wanton and in reckless disregard for Plaintiff's constitutional rights under the Federal and New York State constitutions.

## AS & FOR PLAINTIFFS COUNT III

### Excessive Force/Failure to Intervene

### 42 U.S.C. § 1983; U.S. Const., amends. IV and XIV

### (Against Defendant LPD under Monell)

123.    Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation set forth above as if fully repeated and restated once and again.

124.    42 U.S.C. § 1983 makes it unlawful for any person acting under color state law to deprive or cause to be deprived any person of, *inter alia,* any federal constitutional right or  privilege.

125.    The Fourth Amendment to the U.S. Constitution, as made applicable to the states under the Due Process Clause of the Fourteenth Amendment, prohibits unreasonable seizures and, in particular, prohibits police officers from using excessive force during the course of an arrest.

126. Under *Monell*, a constitutional violation which occurs as a policy, custom or practice of a municipality is actionable.

127. Upon information and belief, Defendant Town of Lewisboro Police Department has failed adequately to train its police officers in how properly to respond to instances of abuse by fellow officers.

128. This lack of training is evident from the lack of intervention complained of herein.

129. This lack of training provided by Defendant LPD predictably and proximately caused the individual defendants' wrongful acts and omissions, which violated Plaintiff's Fourth Amendment rights and resulted in her suffering substantial physical pain and suffering and severe emotional distress.

## AS & FOR PLAINTIFFS COUNT IV

### Violation of Due Process

### 42 U.S.C. § 1983; U.S. Const., amend. XIV

### (Against Defendant LPD & Conetta)

130. Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation set forth hereinabove with the same force and effect as if repeated and restated fully once again.

131. 42 U.S.C. § 1983 makes it unlawful for any person acting under color state law to deprive or cause to be deprived any person of, *inter alia,* any federal constitutional right or privilege.

132. The Fourteenth Amendment to the U.S. Constitution, prohibits the government from depriving a citizen of life, liberty or property without due process of law, and this due process guarantee protects the rights of pre-trial detainees to be confined in conditions that do not pose an excessive or unreasonable risk of serious harm to their physical or mental

health.

133. The complained of facts rendered against Plaintiff herein, created and unreasonable and excessive risk of physical and mental harm to Plaintiff and intentionally and/or recklessly failed to act with reasonable care to mitigate this risk and, thereby, acted with deliberate indifference to plaintiffs health and safety and causing significant pain, suffering, discomfort and emotional distress.

134. In so acting, Defendants acted with wanton and in reckless disregard for Plaintiff's constitutional rights under the Federal and State Constitutions.

**AS & FOR PLAINTIFFS COUNT V:**

**Failure to Train & Failure to Supervise**

**42 U.S.C. § 1983; U.S. Const., amend. XIV**

**(Against Defendant LPD)**

135. Plaintiff repeats and restates each and every statement made hereinabove as if set forth fully at length once again.

136. 42 USC § 1983 provides a federal remedy to enforce the due process rights guaranteed by the 14th Amendment.

137. The complained of actions occurred "under color of state law".

138. The complained of actions deprived Plaintiff of his constitutional and federal statutory rights.

139. Specifically, LPD had actual notice of the abuse and rampant failures of medical treatment of inmates and allowed such conduct to continue at all times relevant hereto.

140. LPD took no action to properly oversee or prevent the continued abuses.

141. The above acts constitute a failure to train on the part of LPD; its agents and servants.

142.    The above acts constitute a failure to supervise on the part of LPD, its agents and servants.

## AS & FOR PLAINTIFFS COUNT VI:

## Federal Civil Rights Violations including 42 USC § 1983

## (Against TOWN OF LEWISBORO POLICE DEPARTMENT & CONETTA)

143.    Plaintiff repeats and restates each and every statement made hereinabove as if set forth fully at length once again.

144.    At all times relevant hereto LPD acted under color of state law.

145.    At all times relevant hereto Defendant Conetta was a direct agent and servant of LPD.

146.    As direct agents and servants of LPD Conetta at all times relevant hereto acted under color of state law.

147.    At all times relevant hereto LPD having assumed and undertaken the duties and obligations of a police officer was a state actor acting under color of state authority.

148.    As agents and servants of LPD, Conetta at all times relevant hereto acted under color of state law.

149.    The complained of actions by each Defendant herein constituted a deprivation of Plaintiff's constitutional and federal rights.

150.    The complained of actions herein constituted violations of Plaintiff's Civil Rights as well as violations of NYS and federal constitutions, including but not limited to as to cruel and inhuman treatment, failure to render and provide aid and treatment and the failure to maintain a safe Jail facility.

151.    Plaintiff was at all times relevant hereto a detainee within the LPD Jail and therefore was entitled to treatment of any actual medical needs.

152.   Plaintiff alleges the complained of acts were a direct violation of 42 USC § 1983.

153.   Inmates and pre-trial detainees may not be denied necessary medical treatment for medical needs which are objectively serious while being detained pursuant to the US Constitution Fourteenth Amendment and NYS Constitution.

154.   Due Process rights of Plaintiff were violated by failing to render current and timely treatment and examination in accord with the policies of LPD.

155.   The complained of conduct by LPD through its agents, servants, administrative arms, staff and personnel is in violation of Due Process.

156.   The Eighth Amendment protects convicted individual and inmates from cruel and unusual punishment.

157.   The due process provisions of the Fourteenth Amendment affords the same protections of the Eighth Amendment to pre-trial detainees including as to the deliberate indifference standard regarding inadequate medical treatment.

158.   The Fourteenth Amendment's due-process clause which guarantees constitutionally adequate medical and mental-health care to pretrial detainees awaiting their criminal trials and requires a showing of objective deliberate indifference was violated in that:

   a.   The LPD Jail Employees made intentional and reckless decisions about Plaintiff's conditions of confinement and medical treatment and lack thereof and Assaulted Plaintiff while in LPD custody;

   b.   Conetta made intentional and reckless decisions about Plaintiff's conditions of confinement and medical treatment and lack thereof and Assaulted Plaintiff while in LPD custody;

c. Those conditions put Plaintiff at substantial risk of suffering, and did cause Plaintiff to suffer serious harm including sustaining additional injuries;

d. The LPD Jail Employees did not take reasonable available measures to eliminate that risk including specifically preventing Conetta from committing egregious acts as detailed herein; and

e. The LPD Jail Employees did not take reasonable available measures to eliminate that risk including specifically obtaining necessary medical treatment for Plaintiff, even though a reasonable Jail Employee in the circumstances would have appreciated the risk involved, thereby making the consequences of the Jail Employee's conduct obvious; and

f. By not taking such measures to decrease the risk of harm, the LPD Jail Employees caused Plaintiff's injuries.

159. At all times relevant hereto, LPD knew or reasonably should have known of the abuses and inactions of Conetta yet failed to implement proper monitoring and safeguards constituting negligent training and supervision.

160. At all times relevant hereto, LPD knew or reasonably should have known of the abuses and inactions of Conetta, yet failed to properly monitor A.O. constituting negligence and negligent supervision, and training.

161. Knowing of the failings of Conetta, LPD was either negligent by allowing them to continue without proper and sufficient monitoring and/or negligent as to any monitoring engaged in by LPD.

162. The continued utilization of Conetta by LPD without proper safeguards constitutes at least

negligence and negligent supervision, and training.

163. Alternatively knowing of the actions and inactions of Conetta, without taking actions sufficient to prevent such constitutes intentional and reckless indifference to the inmates generally and Plaintiff in particular by LPD.

164. Knowing of the actions and inactions of Conetta, without taking actions sufficient to monitor his actions constitutes reckless indifference and gross negligence by LPD.

165. Knowing of the actions and inactions of Conetta without taking actions sufficient to monitor his actions constitutes Negligent Supervision, Hiring & Retention by LPD.

166. At all times relevant hereto LPD acted under color of state authority.

167. The duty to abide by Constitutional mandates is non-delegable by LPD.

**AS & FOR PLAINTIFFS COUNT VII:**

**Conspiracy in violation of 42 U.S.C. § 1983**

**& the 8th and 14th Amendments to the United States Constitution**

**(Against TOWN OF LEWISBORO POLICE DEPARTMENT & CONETTA,**

**VISTA BEER AND BEVERAGE INC.,)**

**BILL (WILLIAM DOE (Last Name being fictitious and unknown)**

**& PATRICIA PYTE**

168. Plaintiff repeats and restates each and every statement made hereinabove as if set forth fully at length once again.

169. Upon information and belief, the aforesaid complained of acts were committed at least in part at the behest of Bill (William Doe).

170. Upon information and belief, the aforesaid complained of acts were committed at least in part

in furtherance of a conspiracy including Defendant Vista Beer and Beverage Inc. to drive Plaintiff's employer out of business.

STATE CLAIMS

## AS & FOR PLAINTIFFS COUNT VIII:

### Negligence & Gross Negligence

### (Against TOWN OF LEWISBORO POLICE DEPARTMENT & CONETTA)

171.  Plaintiff repeats and restates each and every statement made hereinabove as if set forth fully at length once again.

172.  At all times relevant hereto, Defendant LPD was negligent in the hiring, supervision, monitoring and retention of Conetta.

173.  LPD breached its lawful duties and obligations.

174.  The foregoing acts constitute negligence on the part of the Defendants LPD.

175.  The forgoing acts constitute gross negligence on the part of Defendants LPD.

176.  That as a result of the foregoing, the Plaintiff sustained conscious pain and suffering, physical injury, great mental distress, mental anguish, shock, fright and humiliation; was rendered sick, sore and disabled; suffered and still suffers and will continue to suffer bodily pain and mental anguish for some time to come; has been and will be required to seek and obtain medical care and treatment; and sustained other damages.

## AS & FOR PLAINTIFFS COUNT IX:

### State Claim of Negligent Supervision, Hiring & Retention

### (Against LPD)

177.  Plaintiff repeats and restates each and every statement made hereinabove as if set forth fully

at length once again.

178.  Defendant Conetta is and was at all times relevant hereto subject to direct supervision by the agents and staff of LPD.

179.  The failures to supervise set forth above constitute a gross failure to supervise.

180.  The actions and inactions of the above-named Defendants constitute the negligent supervision and/or retention of employees under New York law.

**AS & FOR PLAINTIFFS COUNT X:**

**Civil Conspiracy**

**(Against Connetta, Vista Beer & Beverage Inc., & Bill William Doe (last name being fictitious and unknown) & Patricia Pyte**

181.  Plaintiff repeats and restates each and every statement made hereinabove as if set forth fully at length once again.

182.  Upon information and belief, the aforesaid complained of acts were committed at least in part at the behest of Bill Doe.

183.  Upon information and belief, the aforesaid complained of acts were committed at least in part in furtherance of a conspiracy including Defendant Vista Beer and Beverage Inc. to drive Plaintiff's employer out of business.

**RELIEF SOUGHT**

**DAMAGES**

184.  As a result of the foregoing, Plaintiff sustained conscious pain and suffering, physical injury, great mental distress, mental anguish, shock, fright and humiliation; was rendered sick, sore and disabled; suffered and still suffers and will continue to suffer bodily pain and mental

anguish for some time to come; has been and will be required to seek and obtain medical care and treatment; and sustained other damages.

185. Plaintiff is therefore due compensatory damages in amounts to be assessed before the Court.

186. Plaintiff is therefore due punitive damages in amounts to be assessed before the Court.

187. Plaintiff is therefore due attorney's fees in amounts to be assessed before the Court.

188. These injuries have caused and will further cause Plaintiff to incur and continue to incur expenses for medical attention and treatment and caused Plaintiff to suffer continued pain and injury including emotional and mental injury.

189. Plaintiff further alleges the defendants are jointly and severally liable.

190. Plaintiff seeks damages for injury, pain and suffering and additionally seeks future medical costs as part of this action.

191. Plaintiff seeks compensation for further necessary medical treatment, pain and suffering and punitive damages.

192. Plaintiff demands judgment against Defendants herein for medical expenses, treatment, hospitalization, rehabilitative therapy, costs, disbursements, and all pain and suffering.

193. That as a result of the foregoing, Plaintiff sustained conscious pain and suffering, physical injury, great mental distress, mental anguish, shock, fright and humiliation; was rendered sick, sore and disabled; suffered and still suffers and will continue to suffer bodily pain and mental anguish for some time to come; has been and will be required to seek and obtain medical care and treatment; and sustained other damages.

194. Plaintiff seeks compensation for further necessary medical treatment, pain and suffering and punitive damages.

195.    Regarding Federal claims to the extent the law allows recovery of legal fees such is hereby

        requested in an amount to be assessed before the Court.

196.    Plaintiff has suffered damages in excess of all lower court jurisdiction in and amount of no

        less than the sum of FIFTY MILLION DOLLARS ($50,000,000.00) as well as costs, fees,

        disbursements, punitive damages and any other just and further relief the Court may so

        determine.

## JURY DEMAND

197.    Plaintiff hereby seeks a jury trial in this action.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court:

i. Award Plaintiff compensatory damages;

ii. Award Plaintiff punitive damages as against the individual Defendants as permitted by

law;

iii. Award Plaintiff the reasonably incurred attorneys' fees and litigation costs associated

with the prosecution of this matter; and

iv. Award Plaintiff such other and further relief as the Court deems just, proper and equitable

under the circumstances.

Dated: White Plains, New York
       June 5, 2025

                                    Yours, etc.,
                                    JASNE & FLORIO, L.L.P.
                                    Attorneys for Plaintiff

                                    Hugh G. Jasne, Esq. (HGJ-5041)
                                    30 Glenn Street - Suite 103
                                    White Plains, New York 10603

(914) 997-1212
hgj@jasneflorio.com

The undersigned, an attorney admitted to this Court, does hereby affirm a good faith belief as to the veracity and accuracy of all statements herein.

Hugh G. Jasne, Esq.